Mr. Jones. Your honor and may it please the court Mark Jones for Monte Straite. Today's categorical approach question is not whether completed armed bank robbery is violent but whether an attempt to commit an armed bank robbery under section 2 1 1 3 D as defined by its element and as instructed to jury necessarily requires the use attempted use or threatened use of violent force the Taylor decisions from both this court and the Supreme Court and this court's McFadden decision control analysis and the answer is no an attempt to violate section 2 1 1 3 D is not an attempt plus force offense it is an uncoated attempt offense and as such an attempt to violate 2 1 1 3 D can be completed upon a showing of a substantial step towards threatening force that is the attempt can be accomplished without any actual attempted or threatened use of violent force this court's long-standing precedents and the jury instructions that were given in the case confirmed that Mr. Strait in particular was convicted of an inchoate offense attempt so in the circuit we have McFadden and McFadden interpreted the word attempt as used by the Congress the section 2 1 1 3 a and in McFadden this court said that attempt there in unarmed bank robbery means an inchoate attempt not an attempt plus force offense likewise Congress included attempting in section 2 1 1 3 D but this does not mean that attempt wouldn't occurs in this subject subsection now means an attempt plus force offense rather section 2 1 1 D offense like 2 1 1 3 a is an inchoate offense didn't we address subsection D in McNeil and we laid out sort of four elements and we defined this element that you're talking about as you know so it's basically a violation of a and then in committing or attempting to commit that offense the defendant assaulted a person or put their life in jeopardy with a dangerous weapon so doesn't that cut against your argument that it only needs to be an attempt to use the dangerous weapon we kind of defined the elements differently in McNeil than you're defining them now I don't think so your honor I don't think McNeil is helpful to the government here because McNeil was talking only about a completed armed bank robbery and what it looked at necessarily was the lesser included which was completed unarmed bank robbery and what it says is that because a completed unarmed bank re does have this violent element to it the greater offense will also have also be a crime of violence it does not specifically address the language of subsection D it does not specifically address attempts either of subsection a or of subsection D so I don't believe that McNeil controls this analysis I think what one of the problems the government has is similar to what happens in vines case there are a number of circuits that say 2113 a is an attempt plus force type of crime and on that basis those other circuits say subsection D attempted armed bank robbery is also an attempt plus force crime but that's simply not the jurisdiction in this circuit because of McFadden and more importantly for me haven't addressed this question though right I mean we've addressed whether a is attempt plus force or however you're describing it but we haven't addressed how to interpret the text of subsection B which is written differently than a B is you know seems to much more clearly say whoever in committing or attempting to commit an offense defined in a uses force or threatens force or attempts force so two responses I think that's my my answer also in response to McNeil is that McNeil did not interpret 2113 D or the attempt language in that case but there's nothing in the language of subsection D that would suggest that when Congress used attempting in one subsection it means something different than when it used attempt in the subsection three before it we know what attempt meant in subsection 2113 a that meant in a co-ed attempt offense C McFadden the text they're written they're written differently I mean a puts the force and violence and intimidation before taking or attempting to take but section D puts it after I mean I your argument seems to be that because this court interpreted a a certain way we're required to carry that over and interpret D in the same fashion but I don't I don't follow that why wouldn't we just interpret D according to its text so we know what Congress said in a and indeed and it's the same it's the word attempt and so the question is why would if written as attempting instead of is written as attempts and subsection a why would this court give essentially the same word different meaning when it shows up two subsections apart and that's the argument is that what one answer to that is because we got it wrong the first time right what one answer is like okay we're bound by that perhaps with respect to a maybe we can debate that but one answer is it was like egregiously wrong and so we might we are bound by that as a panel but we are not bound to apply that to the ends of the earth right why isn't that sort of the response to the point on deep so I I think certainly this court could say that McFadden doesn't control the analysis or the textual analysis of subsection D but I think the force of McFadden and its reasoning and what the statute was was doing is important I mean the court and McFadden was talking about why there are attempt offenses attempt offenses what's different between the attempt offense and what the government are arguing now and that the purpose of attempt liability was to protect people that people did not have to wait until there was force or violence before there was liability underneath the attempt and so the same those are all I understand that that's what the court said and those are all great reasons for you know Congress to write a different statute right but none of those address you know the the actual language of the statute and so you know it seems odd to take those policy arguments and say we got different although maybe vaguely similar text and so we're gonna you know import that egregiously wrong decision into this other statutory provision even though it's different and in the different context so I think the answer perhaps in your honor lies inside what the Supreme Court and what this court said in its two tailored decisions and what makes a difference about obs act robbery and about bank robbery about armed bank robbery is that they can be accomplished by threats they don't have to be accomplished by actual force or completed force the Taylor decision spends a lot of time talking about how it is because it can be accomplished by threatening action that the attempt liability does not mean it's a crime of violence and so for example this court said and it's tailored decision quote we have repeatedly held that certain crimes of violence like Hobbs Act robbery and federal bank robbery may be committed without the use of attempted use or physical force because they may be committed merely by means of threats and the Supreme Court and its Taylor decision further explain that to threaten the use of physical force was neither the use the attempted use or the threatened use of physical force I don't think there's much dispute that intimidation when it's used in 2113 a means the threatened use of physical force and there's nothing about subsection D that that alters that the threat of physical force can be from anything including a firearm the text of 924 C4 which relates to Brandis describes brandishing as intimidation this court's decisions and gross and in Whitfield and these are you know in the government's brief all talk about how brandishing a firearm or even having a firearm there it is intimidation and in Whitfield this court even noticed that the act of brandishing of dangerous weapon can support a completed 2113 D offense for putting another person's life in jeopardy but it's still only threatening the victim and so an attempt to threaten the victim does not require violence the other thing that's important to note in this case is that there's no doubt that mr. straight was his jury was instructed on an inchoate offense time unfortunately that's not the question we're supposed to ask is it unfortunately we're supposed to be asking in a hypothetical world what could the least culpable person have been convicted of regardless of what this gentleman's jury convicted him up right I think that that's right you know and what we do what we know is that his jury you know as a real person who I think sits inside the hypothetical was allowed to be convicted on the basis of this inchoate language you know the government and the red brief at page 4 provides jury instructions but the jury instructions that it's reproducing are those of counts 1 and counts 2 the jury instructions that mr. straight jury got are on page 39 and 40 of the joint appendix and and that's where this court said you can convict him even though nobody did all of the acts necessary to commit the offense you know the I said in the blue brief you know this argument has been sort of analyzed in depth by the court and vines and I think the dissenting opinion there by the chief judge has the better of the arguments any circuit court agreed I mean has any circuit court held that attempted armed bank robbery is not a crime of violence the DC Circuit and the Ninth Circuit the night they've held that attempted violation of D is not a crime of violence is that because of is that what you're saying I believe that's correct your honor the government cites to the Ninth Circuit decision in the red brief and the DC Circuit I believe reaches that although it takes a different path it seemed it says that the first prong of bank robbery between extortion and robbery are indivisible and it fails because extortion is not a crime of violence right and you didn't really make that argument here I know you had a heading about it but you didn't tell us why we should disagree with our precedent and and and make that no that's correct your honor I included that you know should this court should this panel have felt constrained by the reasoning and logic of McFadden and such that an en banc court would be required to reverse McFadden and clear the path here I wanted that argument out there to be able to make that that pitch to the whole court should it have gotten there there I don't see McNeil is supporting the government's case in the way the government thinks it does precisely because what I said earlier because it is not specifically interpreting 2113 D and there's nothing in the text of 2113 D that specifically requires or an attempt defense that violent conduct occur I've argued additionally that you know there's a problem with the language it is categorically overbroad for the force and elements clause to apply it has to be that the force was applied against the person of another and subsection D clearly was not written with that stricture in mind because it does not limit itself to force against another person there's also a board and problem because while this court and Carter and other courts may have talked about the mens rea for subsection 2113 D if everything is being hung sorry 2113 a if everything is now being hung on a that's connected to that specific provisions and and so I do believe you even at this court were to say McFadden we think was wrong but we can go in a different direction because we're only looking at D now we still have problems with overbreadth because of the language any any person and you know I think that for those reasons you know you know the court simply can't affirm the district court here I do think McFadden sort of controls the area because the analysis really does look at what was Congress trying to do when it talks about an attempt this may you know judge rushing circle back to a point that you've made about what the question is here but I'll also say that if you look at the specific indictment of mr. straight which is on page 21 of 28 of the joint appendix it doesn't pick up the word attempting from subsection D it only includes the word attempt from subsection a and so if there is any attempt liability for mr. straight it comes from two one one three a here which as McFadden said is in Coey attempt offense if there aren't any questions I would reserve the balance of my time thank you mr. Jones mrs. Nimoy may please the court Julie Niemeyer for the United States the district court correctly determined that attempted armed bank robbery in violation of section 2113 D of title 18 remains a crime of violence after Taylor this is because its fourth element requires at a minimum the threat of force both the text of the statute and the case law of this circuit counsel this result I think the fundamental disagreement between my friend and I here is the characterization of 2113 D as an inchoate offense the text of 2113 D establishes that it is laying out the elements of the statute in the text of the statute itself and in that regard I would call it a statutory attempt offense we saw this language in Judge Gregory's opinion for the court in Hamilton which drew a distinction between an attempt offense that is very narrowly defined right in the text of the statute versus an attempt offense that is not defined which has to then be defined under the common law principles of intent and a substantial step that's the type of offense that we were looking at with attempted Hobbs Act robbery and that's why we got to where we did with that determination that it could be accomplished by an attempt to threaten and so would not be violent but that's not what we're looking at here we're looking at a very clearly written statutory requirement that in attempting to commit the offense the defendant assaulted any person or put in jeopardy the life of any person by the use of a dangerous weapon or device the statutory text does not criminalize an attempt to threaten by use of a deadly weapon or device the attempt comes in in the first element the 2113 a element whether the defendant took or attempted to take the money of the bank in specifically referencing committing or attempting to commit the offense that's mentioned by reference the 2113 a offense the statute identifies the D element has to be completed in the act of attempting that offense the defendant assaulted any person or put in jeopardy the life of any person and that's what makes it a completely different type of statutory offense than Hobbs Act robbery I think it's also helpful to look at some of the other decisions in this area that involves an aggravated penalty provision for the use of a weapon we have very similar statutory schemes in 2114 a for example dealing with assault of mail carriers which calls for a certain penalty for not using a weapon but then in the enhanced penalty provision criminalizes in effecting or attempting to effect such a robbery puts life in jeopardy by the use of a weapon so by putting life in jeopardy by the use of a weapon this court determined that that was at a minimum the threat of force and so necessarily that aggravated version of the offense is a crime of violence very similar to your counsel counsel but in this case is a little different does being odd add anything to the threat can't you couldn't wouldn't this be completed if the person had a weapon in their pocket and threatened to use for armed robbery it doesn't require using it it's just it's armed it's armed in it so if they never hypothetical in this case but let's say they went into the bank and had a gun in their pocket and they said listen I'm gonna rob this bank and I want you know you know I want I want the money I'm threatened I want the money this could be dangerous to you if you don't give it to me and then before they get out of the bank the police arrived and they're arrested for attempted attempted robbery well then the gun wasn't used at all but they would right if I'm understanding that example correctly your honor I think in that case it would hinge on whether the weapon was truly used if the weapon is hidden from everyone and no one in the is aware that there is a weapon then I'm I don't think that that would meet the definition of assaulting by use of a weapon if the weapon was not visible just said the elements are made laid out indeed what does it say you have to use the weapon that's that's in the text of D in that it says whoever in committing or attempting to commit any offense defined in subsections A and B of this section assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device and so I think the the use aspect of that language is what makes it at a minimum the threat of force so and your honor attempted threat of force attempted threat threatened use of force is at a minimum present in section D so really the offense in 2113 D should be called armed attempted robbery because the armed portion of it is not cannot be committed by an attempt that's a requirement it is the taking that is attempted I'd like to address just briefly counsel for mr. Straits reference to the jury instructions the government does candidly recognize that those jury instructions did use the phrasing of an intent and a substantial step with respect to count five however the indictment itself the indictment language which is shown on ja-28 very clearly track the language of the statute itself so it to any extent that the jury instructions did not precisely track the language of the statute of course which is not an issue here even if those instructions could be considered in some respects error that could still be harmless error even if that had been properly raised when a person looks at the indictment language being very clear and then of course the evidence that the jury saw here was the evidence that the defendant approached the bank and firearm so I'd also like to just briefly address counsel argument regarding the mens rea requirement for 2113 D as we saw in McNeil it's very clear that 2113 a is a general intent crime the defendant must know that his actions are objectively intimidating at a minimum to to accomplish that offense so he has to have knowledge with respect to the act that he is committing that itself is incorporated into element D when element D requires that in attempting to commit the 2113 a offense the defendant assaults or puts in jeopardy the life of a person using a weapon that intent can't be divorced from what the defendant is doing in element D I think also it's important to recognize some of the language in the Lassiter opinion written by Judge Richardson for the court where he pointed out that the fourth clause doesn't require quote the attempt to use force so this court does not need to reach the the McFadden question here but even if it were to do so an attempt to do a violent crime does not necessarily have to be violent itself but again here since we're looking at a 2113 D offense we're not talking about an attempt to do the action that is set forth in element D that has to actually be completed the assault or placing in jeopardy has to be a completed act and again in the Hamilton opinion I think it's useful that the court identified that both an inchoate and a completed offense can be side-by-side in in the same statute so here even if this court does leave 2113 a in its inchoate form that's not inconsistent with recognizing that commission of a 2113 D attempt offense is not an inchoate offense it has clearly defined elements if there are no other questions from the panel the government would ask the court to affirm the decision of the district court that attempted armed bank robbery remains a crime of violence thank you thank you counsel mr. Jones you have some time reserve thank you your honor you know so just a little bit about the framing you know the government's sets us up as whether or not attempted armed bank robbery remains a crime of violence but this is a question of first impression it's not whether or not it remains it's whether or not it is and one of the things the government does as to a number of arguments that we make is it says well the attempt has to is about the taking or the attempt is about this and it looks to other parts of 2113 when it talks about mens rea but if we're going to interpret any of those other prongs of 2113 a we have to look at what McFadden said we can't divorce McFadden from an interpretation of 2113 a and we can't then you were stuck at looking at just what 2113 D says on all on its own and I mentioned earlier the dissent and vines and I draw the court's attention back to that and it's discussed in my brief but what the the chief judge there says is that even looking at the language of 2113 D all on its own there's no reason to interpret that as anything other than an inchoate attempt offense there's nothing about the structure or the language there that says it is an attempt plus force completed force offense and the dissent makes makes points of looking at the chart that was provided by the majority in vines and by the government in this case which is really an analysis of 2113 a it's not an analysis of 2113 D and so this court I think would be all on its own among the circuits and analyzing just 2113 D to say that it is now an attempt plus force offense all the other circuits have reached the conclusion where they have reached the conclusion that's the crime of violence by first recognizing their circuit precedent the opposite of McFadden that attempted armed bank robbery was a crime of violence and so I think the quite part of the question is why would Congress have attempt mean one thing in one subsection and attempt to mean something different in another subsection but the specific language of the text is also problematic for the government because it says assault and it says any and those sweep broader than the force clause of section 924 c3 what's assault with a dangerous weapon right well it depends on how you interpret it it actually says it's the Supreme Court said that in Simpson that this means even though the commas are in the wrong places the Supreme Court said it means with a dangerous weapon that's correct we still are left with the any problem you know and the broader sweep and what we can't do a person assault himself the like legally can a person assault himself they can certainly put in jeopardy their own life but can they assault themselves I don't know the answer to that judge rushing whether or not I do you should know come on you know this one it's an easy one I don't imagine you can legally assault yourself and this the argument is that then any person should mean the same thing in both places right it's your argument about the word attempt right it should mean the same thing in both places and that if it's nonsensical to say assault yourself then the same thing applies to putting your own life in jeopardy when you're using a firearm to rob a bank the other courts have not reached that conclusion as directly a number of courts including this court that I have found has really said much about it right there's been a few district courts who have had brushed off this argument but I haven't I haven't much about it this court at least in McFadden understood that a person who goes into a bank to rob it puts his own life in jeopardy a number of places courts have said that even going in with an unarmed weapon puts your life in jeopardy and again the Vines dissent talks multiple times about how the defendants life is that something that we think Congress would be increasing your time in prison for like we're gonna give you five more years because you put yourself in jeopardy or is it because you put other people in jeopardy I think what we're looking for in the categorical approach analysis is whether or not the language that Congress used sweeps broader than the force clause and the force clause is limited to where who can be put in jeopardy and to one one three D if we're looking at it standing alone doesn't require that it be so limited it uses the word any and as we've heard earlier today any is a broad word and so for that reason alone it sweeps broader but I'll say again I do think we can't just look at two one one three D we have to look at what this court has already held in McFadden and that is that all the preceding subsections of the offense result in an inchoate offense and that's how Mr. Strait was charged and on that basis he's serving an additional consecutive 25 year sentence I would ask the court to vacate the decision of the district court and remand for further consideration thank you mr. Jones mr. Jones I note that you're caught up on it and I just want to give a special appreciation to you and other lawyers who take cases like this it the court really appreciates and depend on that and thank you very much for your able representation and there's a need my there's need by it for your able representation United States we can't come down and reach as we would but no nonetheless that we appreciate you very much and wish you well and be safe in this weather take care Thank You
judges: Roger L. Gregory, Julius N. Richardson, Allison J. Rushing